UNITED STATES BANKRUPTCY COURT
Southern District Of Indiana
Indianapolis Division

In re: )
)
Derek Kevin Cushenberry, ) Case No. 17-00460-JJG-13
)
Debtor. )

## DEBTOR'S APPLICATION TO EMPLOY SPECIAL COUNSEL

Comes now the debtor, by counsel, and advises the Court that the debtor has a right of action with regards to a certain property damage insurance claim asserted by debtor pursuant to a fire at 3961 Boulevard Place, Indianapolis, IN 46208 on April 12, 2020. A lawsuit is not now pending. Debtor now asks the Court for an order employing special counsel in such proceeding. In support of this motion, the debtor would advise the Court as follows:

1. On April 12, 2020, the debtor sustained property damage as a result of a fire at debtor's building located at 3961 Boulevard Place, Indianapolis, IN 46208.

2. Debtor desires to retain the services of the following attorney and law firm, in that said attorney and law firm practice in the subject field and are familiar with the facts of the debtor's case:

>Gregory M. Gotwald, Attorney at law
>PLEWS SHADLEY RACHER & BRAUN LLP
>1346 North Delaware Street
>Indianapolis, IN 46202
>Tel. (317) 637-0700
>Fax. (317) 637-0710
>Email ggotwald@psrb.com

3. The attorney and law firm would represent the debtor on a contingent fee basis, that contingency level being: 33.33% to 37% of amounts recovered as set forth in the fee agreement, a true and accurate copy of which fee agreement is attached hereto. If unsuccessful in recovery, neither the debtor nor the Chapter 13 estate would be obligated to pay any attorneys' fees related to the debtor's right of action, although debtor is obligated to pay expenses.

4. Pursuant to the Seventh Circuit Court of Appeals decision in Cable v. Ivy Tech State College, the Debtor shall remain in possession and control of the right of action and shall have the authority to settle. The Chapter 13 Trustee shall not be named or substituted as the party of interest, nor shall the Trustee be required to execute any release in order to effectuate a settlement.

5. This process is specifically designed to preserve the asset for the benefit of the bankruptcy estate and reserve the rights of the Trustee to value the asset for purposes of Section

1325(a)(4) based on the amount actually recovered regardless of whether or not the case has been confirmed.

      6. Upon recovery from settlement or judgment, the debtor would propose that counsel should be required to immediately report such result to the Chapter 13 Trustee and to pay over the entire settlement funds to the Trustee.

      7. The Trustee will then immediately file a Motion to Approve Compromise and Settlement. The Trustee shall also file an Application for Approval of Compensation/Expense for Special Counsel, inclusive of any subrogation claims Special Counsel will be required to pay to a third party. Following entry of orders on these two matters, the trustee shall forthwith make payment on same.

      WHEREFORE, the debtor, by counsel, requests that the Court GRANT this Application to Employ Special Counsel, and Order the immediate turnover of all proceeds of the cause of action to the Chapter 13 Trustee upon recovery from settlement or judgment.

Respectfully submitted,

Jay Andrew Harp, Attorney at law
10475 Crosspoint Blvd., Suite 250
Indianapolis, IN 46256
Tel. (317) 549-1112
Email: JayAHarp@aol.com
Attorney for Debtor

Date: November 20, 2020

Gregory M. Gotwald, Attorney at law
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
Tel. (317) 637-0700
Fax. (317) 637-0710
Email ggotwald@psrb.com
Special Counsel for Debtor

TRUSTEE CONSENTS TO ABOVE:

Date: 11/23/2020

Ann DeLaney, Trustee or Staff Attorney

## Certificate of Service

I hereby certify that on November 30, 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

Ann M. Delaney, Trustee
ECFdelaney@trustee13.com, ecfdelaney@gmail.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Jay Andrew Harp, Attorney for Debtor
jayaharp@aol.com

John D. Waller, Attorney for Creditor, Butler Capital Corp.
jwaller@woodmclaw.com, sspencer@woodmclaw.com

Steven Henry Patterson, Attorney for Bayview
inbk@rslegal.com, rsbkecfbackup@gmail.com, reisenfeld@ecf.inforuptcy.com

I further certify that on November 30, 2020, a copy of the foregoing document was mailed to:

Gregory M. Gotwald, Special Counsel for Debtor
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202

Derek Kevin Cushenberry, Debtor
287 W. 40th Street
Indianapolis, IN 46208

/s/Ann DeLaney
Chapter 13 Trustee



1346 North Delaware Street
Indianapolis, Indiana 46202
Phone: (317) 637-0700
Fax: (317) 637-0710
www.psrb.com

**Gregory M. Gotwald**
ggotwald@psrb.com

November 17, 2020

*Via E-Mail*
Derek Cushenberry
derekcushenberry@gmail.com
287 W 40th Street
Indianapolis, IN 46208

Re: Contingency Fee Engagement Letter for Property Damage Claim

Dear Derek:

This letter sets forth the terms on which Plews Shadley Racher & Braun LLP ("PSRB") will represent you with respect to the property damage claim at 3961 Boulevard Place, Indianapolis, IN 46208 on April 12, 2020. We would be honored to undertake this work on your behalf. We encourage you to have your other legal counsel review this contingency fee agreement. If the below terms are acceptable, please date and sign the last page and return a copy (via email is fine) to me.

## *PERFORMANCE OF SERVICES*

You have asked us to advise you regarding insurance coverage. I will be responsible for managing the engagement. My colleague Kyle Steinbrueck will be assisting me in the representation. In order to minimize professional fees or utilize appropriate expertise, we may from time to time assign certain tasks to other persons, including paralegals, employed or engaged by the firm.

## *FEE ARRANGEMENT OPTIONS*

We agree to represent you on a contingency fee basis. Under this arrangement, you will have no obligation to pay our firm for any of its professional services (excluding expenses) unless and until there is a recovery from the insurer, the broker/agent, or any other party.[1] The following terms shall apply to this contingency arrangement:

---

[1] We note this is the recovery from the insurer, not what you ultimately collect after any decisions or obligations to pay other entities, such as other creditors in the bankruptcy proceeding.

1. Expenses shall be paid by Client as incurred and shall be reimbursed prior to any recovery percentages applied. If the firm has any expenses that have not been paid by the Client, those shall be paid first and before any other amounts. Past expenses shall be paid within 30 days of execution of this agreement. A copy of our standard expenses is attached to our standard rate sheet.

2. The recovery percentages set forth shall be applied to the remaining net amount after Expenses are deducted.

   a. 33.33% of any Amounts Recovered prior to one week before the final pre-trial conference before trial.

   b. 35.00% of any Amounts Recovered one week (or less) before the final pre-trial conference up to the filing of an appeal[2]; and

   c. 37.00% of any Amounts Recovered once an appeal has been filed.

3. The "amounts recovered" shall be the total of all sums actually collected including sums attributable to interest, punitive damages and/or attorney's fees (whether such collection is on account of a judgment or by way of compromise or settlement).

4. If attorney's fees are recovered, the attorney's fee amount will be added into the amount recovered, and PSRB will receive the applicable recovery percentage from the total amount recovered.

5. Neither PSRB nor Client will settle the case without the other's approval.

## *ADDITIONAL TERMS FOR ALL FEE ARRANGEMENTS*

The following terms shall also apply to this contingency agreement:

A. Client agrees that PSRB has made no promises or guarantees regarding the outcome of Client's claim. Client understands that the recovery (if any) may be less than what the Client could otherwise obtain with PSRB's assistance. Client also understands PSRB will continue to investigate Client's claim and, if after so investigating, the claim does not appear to them to have merit, then PSRB shall have the right to terminate this contract.

B. Client has read this contract, has received a copy of it and agrees to its terms and conditions. There are no other written or oral agreements between Client and PSRB. This contract shall be governed by and interpreted in accordance with the laws of the State of Indiana.

---

[2] If there is an interlocutory appeal, the appeal percentages shall apply.

C. You may terminate our representation of your matter at any time, but this will not relieve you of your responsibility to pay us the amounts due under the contract if a recovery is made, with reasonable adjustment to reflect the value of the effort made by successor counsel. In that event, we also would reserve the right for reasonable input on the selection and actions of successor counsel.

D. We may withdraw from representation under several circumstances. For instance, the Rules of Professional Conduct require that we withdraw from representing a client where we discover that a client seeks our assistance to engage in criminal or fraudulent conduct, continued representation of the client will result in violation of the Rules, the client insists on pursuing an objective that we consider repugnant or imprudent, the client fails substantially to fulfill an obligation to us regarding our services (including prompt payment of professional fees and expenses), or where the continued representation of the client will result in an unreasonable financial burden on us or has been rendered unreasonably difficult by the client.

E. At the time this Agreement is signed, neither of us is aware of a conflict of interest regarding this matter with clients of the firm. In the event this changes, and we become aware of a conflict of interest, we will notify you and may withdraw our representation of you.

We encourage you to have your other legal counsel review this you. If acceptable, please date and sign below and return (via email is fine) a copy of the signature page.

We sincerely appreciate being asked to assist you in this case. We will strive to obtain the best possible result in this matter. In the meantime, if you have any questions, do not hesitate to contact me.

We look forward to working with you on this matter.

Very truly yours,

Gregory M. Gotwald

Enclosure
GMG/KDS

I HEREBY AGREE TO THE ABOVE TERMS:

11-18-20
Date

Derek Cushenberry

## PLEWS SHADLEY RACHER & BRAUN LLP
### Costs

| | |
|---|---|
| Computer research | actual cost |
| Filing Fees | actual cost |
| Hotel | actual cost |
| Meals | actual cost |
| Mileage | IRS standard rate |
| Overnight mail | actual cost |
| Parking | actual cost |
| Photocopy - black/white | 20¢ per page |
| Photocopy - color | 80¢ per page |
| Postage | actual cost |
| NextPoint (e-Discovery Data Storage) | actual cost per GB |

UNITED STATES BANKRUPTCY COURT
Southern District Of Indiana
Indianapolis Division

In re: )
)
Derek Kevin Cushenberry, ) Case No. 17-00460-JJG-13
)
Debtor. )

## VERIFIED AFFIDAVIT OF DISINTEREST OF ATTORNEY

I, Gregory M. Gotwald, upon first being duly sworn, depose and state:

1. That I am an Attorney at law, licensed to practice in the State of Indiana, and maintain an office at:

    PLEWS SHADLEY RACHER & BRAUN LLP ("PSRB")
    1346 North Delaware Street
    Indianapolis, IN 46202

2. That PSRB has been engaged by debtor to perform various legal services for the debtor with regards to a certain property damage insurance claim asserted by debtor pursuant to a fire at 3961 Boulevard Place, Indianapolis, IN 46208 on April 12, 2020. A lawsuit is not now pending.

3. That, with the exception of providing the above legal services to the debtor, PSRB has no connection with the debtor's creditors or any other party in interest herein.

4. That PSRB does not have any interest materially adverse to the interests of the estate or of any class of creditors, or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest with, the debtor herein.

FURTHER AFFIANT SAYETH NOT.

Date: November 18, 2020

_____
Gregory M. Gotwald, Attorney at law
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
Tel. (317) 637-0700
Fax. (317) 637-0710
Email ggotwald@psrb.com

## VERIFICATION

I, Gregory M. Gotwald, affirm, under penalties for perjury, that the foregoing statements are true.

Date: November 18, 2020

Gregory M. Gotwald

Respectfully submitted,

11/20/20

Jay Andrew Harp, Attorney at law
10475 Crosspoint Blvd., Suite 250
Indianapolis, IN 46256
Tel. (317) 549-1112
Email: JayAHarp@aol.com
Attorney for Debtor